# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 15-08240 (EAG) |
| AUTOS FERRER, INC., | Chapter 11 |
| Debtor(s). | |
| In re: | Case No. 15-08241 (EAG) |
| SAMUEL FERRER FIGUEROA, | Chapter 11 |
| Debtor(s). | |

## STIPULATION FOR TREATMENT OF BPPR'S CLAIMS UNDER DEBTORS' PLANS OF REORGANIZATION

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

**COME NOW** the secured creditor Banco Popular de Puerto Rico ("BPPR" or "Lender")[1] and Autos Ferrer, Inc. ("Autos Ferrer") and Samuel Ferrer Figueroa ("Samuel Ferrer", and jointly with Autos Ferrer, the "Debtors") (collectively, the "Parties"), through their respective undersigned counselors, and respectfully submit this stipulation regarding the treatment of BPPR's claim under Debtors' respective plans of reorganization (the "Stipulation").

### Preliminary Statement

After substantial negotiations, the Debtors and BPPR have agreed to the Stipulation contained herein, whereby, among other things, Debtors and BPPR have agreed to resolve the outstanding issues between them concerning Debtors' treatment of BPPR's claim in the above-mentioned bankruptcy proceedings. Therefore, Debtors and BPPR respectfully submit that the terms of this Stipulation should be

---

[1] On April 30, 2010, the Office of the Commissioner of Financial Institutions closed the operations of Westernbank and named the Federal Deposit Insurance Corporation ("FDIC") as trustee. That same day, BPPR executed an agreement with the FDIC through which it acquired certain assets of Westernbank Puerto Rico ("Westernbank") including, among others, the credit relationships between Westernbank and the Debtor.

approved as they are critical and necessary for the prompt and successful resolution of the instant cases.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Stipulation under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of the Motion is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a), 1107, 1108, and 1141 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bank. P. 9019 and Local Bankruptcy Rule 9019-1.

**Background**

1. The Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") on October 22, 2015 (the "Petition Date"). See, Docket No. 1 of Case No. 15-08240 (EAG) and Case No. 15-08241 (EAG).

2. Prior to the Petition Date, the Debtors entered into various loan agreements with BPPR (the Westernbank), pursuant to which BPPR provided certain credit facilities to the Debtors (the "Loans").

3. The Loans are evidenced by the loan documents (collectively, the "Loan Documents") detailed in and attached at BPPR's Proof of Claim No. 4 of Case No. 15-08240 (EAG) and Proof of Claim No. 3 of Case No. 15-08241 (EAG) (the "BPPR Claims").

4. As of the Petition Date, the amounts owed to BPPR under the Loan Documents total $1,101,890.80.

5. The Debtors their Disclosure Statement and Chapter 11 Plan of Reorganization (the "Plan") on July 28, 2016, respectively. See, Dockets No. 56-57 of Case No. 15-08240 (EAG) and Dockets No. 70-71 of Case No. 15-08241 (EAG).

**Stipulation**

6. Upon discussion between the Parties, and in order to quickly and expeditiously resolve the outstanding issues among them, the Debtors and BPPR have reached an agreement for the treatment of the BPPR Claims under Debtors' plans of reorganization, subject to and in reliance upon, the terms, conditions and limitations set forth herein, as follows:

- Debtors hereby consent: (i) to the transaction contemplated herein and acknowledge and agree that any and all guarantees contained in the Loan Documents are, and shall continue to remain, in full force and effect after giving effect to this Stipulation and until satisfaction in full of Debtors' Plan and this Stipulation; and (ii) ratifies the Loans and the BPPR Claims.

- The Debtors acknowledge, represent, covenant, and agrees with BPPR that (i) Debtors' obligations to pay in full the outstanding balance of principal of the BPPR Claims, subject to the treatment provided in this Stipulation, and any other sums due to BPPR including, without limitation, accrued interest under the BPPR Claims, are valid, binding and enforceable in all respects; and (ii) that Debtors' obligations under the BPPR Claims (including, without limitation, the guarantees and this Stipulation) are valid, binding and enforceable in all respects as to all parties, Debtors, obligors and guarantors, and shall not constitute a waiver of collection as to such obligors and guarantors.

- Regarding the repayment of BPPR's Claims in the instant cases, the Debtors and BPPR have agreed to the following treatment:

    i. BPPR shall have a fixed allowed secured claim of **$225,000.00** in the Autos Ferrer case (the "Autos Ferrer Secured Claim"), and shall have a fixed allowed secured claim of **$735,000.00** in the Samuel Ferrer case (the "Samuel Ferrer Secured Claim, and jointly with the Autos Ferrer Secured Claim, the "Secured Claims"). The Secured Claims shall be paid by the Debtors as follows:

        a) During a period of one (1) year commencing with the filing of this Stipulation and ending on August 24, 2017, the Debtors shall endeavor to sell any and all of the real estate properties that form part of BPPR's collateral (the "Collateral"). Debtors' full sale and closing of any and all of the Collateral will be performed after due notice to BPPR, and subject to BPPR's express approval and acquiescence, whose sale must generate sufficient proceeds for the satisfaction of the totality of the Secured Claims (net of deduction of all applicable costs associated with the transaction therein).

        b) During the course of the one (1) year period commencing with the filing of this Stipulation and ending on August 24, 2017, the Debtors shall make monthly installment payments of $1,000, which first installment payment shall be made immediately with the filing of this Stipulation, and the sub-sequent monthly installments shall be payable to BPPR on the first (1st) day of each month. Commencing

on October 1, 2016 and continuing until August 24, 2017, the Debtors agree to pay to BPPR the monthly installments of $2,000. Debtors shall make direct payments to BPPR through a check payable to "Banco Popular" at the following address: Banco Popular – Special Loans, Delivery Code 733, P.O. Box 362708, San Juan, Puerto Rico 00936-2708.

c) During the course of the one (1) year period commencing with the filing of this Stipulation and ending on August 24, 2017, the Debtors agree to maintain adequate insurance on all of the Collateral from and after the Petition Date, and to (a) list BPPR as an additional insured and loss payee under the corresponding insurance policies, and (b) upon request, provide to BPPR evidence of such insurance. The Debtors also agree to make all corresponding payment of property taxes on all of the Collateral thereafter due from the filing of the instant bankruptcy cases, and to provide to BPPR evidence of such payments immediately upon request. Debtors shall also cooperate fully, and make accessible to BPPR, such information which includes, but is not limited to, physical inspection of the documentation requested wherever and whenever located.

d) In the event that no sale were to take place prior to the expiration of the one (1) year period detailed above, on or before August 24, 2017, the Debtors shall deliver and tender any and all of the remaining Collateral to BPPR free and clear

of all liens, claims or encumbrances, in full satisfaction and payment of the outstanding balance of the Secured Claims. To this end, and as a means to ensure and facilitate the transfer of title of such properties under the auspices of the Bankruptcy Court, the Debtors consent to, warrant and agree that they shall not seek the entry of final decree until after September 30, 2017 in order to afford BPPR with sufficient time to obtain the entry of the corresponding Order and Writ for transfer therein.

e) BPPR shall have a deficiency balance of **$876,890.80** in the Autos Ferrer case (the "Autos Ferrer Deficiency") and a **$366,890.80** deficiency balance in the Samuel Ferrer case (the "Samuel Ferrer Deficiency", and jointly with the Autos Ferrer Deficiency, the "Deficiencies"), which Deficiencies will be treated as a general unsecured claim in Debtors' respective Plans, and shall receive the corresponding payment assigned to the general unsecured creditors under such plan.

- The terms of this Stipulation regarding the repayment of BPPR's Claim shall be incorporated into Debtors' Plan, as modified and supplemented, inasmuch as it constitutes the agreement between the Parties for the payment of the BPPR Claims.

- The occurrence of one or more of the foregoing events shall constitute an "Event of Default" under the terms of this Stipulation (hereafter referred to in this Stipulation, individually, as an "Event of Default", and, collectively, as "Events of Default"):

  - The Debtors' violation of any of the terms of this Stipulation; or

- - The Debtors' failure to make any of the monthly installment payments in the amounts and in accordance with the terms of this Stipulation; or
  - The entry of an order modifying, reversing, revoking, staying, rescinding, vacating, or otherwise amending this Stipulation without the prior written consent of BPPR; or
  - The filing and/or confirmation of any plan of reorganization by the Debtors, or any other creditor, inconsistent with the terms and conditions of this Stipulation; or
  - The filing and/or confirmation of a plan of reorganization, that is not in form and substance acceptable as per the terms and conditions of this Stipulation; or
  - The entry of an order dismissing or converting Debtors' bankruptcy case.
- Upon the occurrence of any Event of Default, as provided above, all of the Loans, Collateral, BPPR Claims and Debtors' obligations with BPPR shall revert to their original, pre-petition state, and their indebtedness shall become immediately due and payable without further notice by BPPR, and BPPR shall have the right to enforce any and all remedies under this Stipulation, Loan Documents, at law or in equity.
- It is hereby understood and agreed by each of the Parties hereto that this agreement is not intended to constitute an extinctive novation ("novación extintiva") of the obligations and undertakings of the Parties under any of the Loans, the Guarantees, or the Loan Documents regarding such Loans to date. Debtors hereby ratify, reaffirm, confirm, consent to and acknowledge all of the terms, priority and conditions of security interests, mortgages or liens over the Collateral provided for in the Loans, the Collateral, and the BPPR Claims, as well as Debtors' obligations under such Loan Documents, until the

confirmation of the Chapter 11 Plan.

- The Stipulation and any admissions, releases and waivers contained herein shall be binding upon the Debtors and all other parties in interest. Accordingly, (i) the obligations under the BPPR Claims shall constitute allowed claims, not subject to counterclaim, setoff, subordination, or recharacterization for all purposes in these bankruptcy cases, and (ii) the obligations under the BPPR Claims shall not be subject to any challenge by any party in interest, and any such party in interest shall be enjoined from, seeking to exercise the rights of the Debtors' estate. Nothing in this Stipulation vests or confers on any Person (as defined in the Bankruptcy Code) standing or authority to pursue any cause of action belonging to the Debtors or their estates. Notwithstanding anything to the contrary, nothing herein shall affect, impair or modify any of the Debtors' affiliates or related companies' claims and defenses, if any, against BPPR, nor any of BPPR's claims and defenses against any such company or debtor.

- Debtors and BPPR may amend or waive any provision of this agreement, provided however, that such amendment or waiver is deemed non-prejudicial to the rights of third parties or otherwise not material. No waiver, modification or amendment of any of provisions of this Stipulation shall be effective unless set forth in writing and signed by BPPR and Debtors, and approved by this Bankruptcy Court.

- This Stipulation is subject to the receipt of any necessary third party approvals, including without limitation the Bankruptcy Court in the Chapter 11 Cases

7. This Stipulation constitutes the entire agreement and understanding of the Parties regarding the BPPR Claims above, and the subject matter hereof, and it supersedes any prior or contemporaneous representations, statements, understandings or agreements concerning the

subject matter of this Stipulation.

8. This Stipulation shall be binding upon and inure to the benefit of and be enforceable by the Parties thereto, their respective successors and assigns. No other person or entity shall be entitled to claim any right or benefit hereunder, including, without limitation, the status of a third party beneficiary to this Stipulation.

9. The appearing Parties warrant that the terms and conditions set forth herein are reasonable under the circumstances and that they have acted in good faith in connection with the negotiations of this Stipulation and in moving the Bankruptcy Court for an Order approving the same. Moreover, the terms of this Stipulation shall be contained and incorporated as if set forth at length therein in the Debtors' respective plans of reorganization.

10. This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of the Stipulation.

**WHEREFORE**, BPPR and the Debtors hereby stipulate to the above, and jointly request the Court's approval thereof.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, including, but not limited to, the U.S. Trustee. Copy of this notice will be sent by postage prepaid to those parties listed on the Debtor's List of Creditors.

### NOTICE OF TIME TO RESPOND

Within TWENTY ONE (21) calendar days after service as certified below, or such other time as the court may order hereafter, any party having any objection to the preceding Stipulation shall serve and file an objection or other appropriate response thereto with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the Stipulation will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

**RESPECTFULLY SUBMITTED.**

San Juan, Puerto Rico, this 24th day of August, 2016.

| **GARCIA-ARREGUI & FULLANA** | **O'NEILL & BORGES,** <sup>LLC</sup> |
|---|---|
| *Attorney for the Debtors* | *Attorneys for Banco Popular de Puerto Rico* |
| 252 Ponce de León Ave. | American International Plaza |
| Citibank Tower, Suite 1101 | 250 Muñoz Rivera Ave., Ste. 800 |
| Hato Rey, PR 00918 | San Juan, PR 00918-1813 |
| Tel.: (787) 766-2530 | Tel.: (787) 764-8181 |
| Fax: (787) 756-7800 | Fax: (787) 753-8944 |
| E-mail: isabelfullana@gmail.com | |
| | s/ Luis C. Marini-Biaggi |
| / S / Isabel M. Fullana | Luis C. Marini-Biaggi |
| USDC No . 12802 | USDC No. 222301 |
| | E-mail: luis.marini@oneillborges.com |
| | |
| | s/ Nayuan Zouairabani |
| | Nayuan Zouairabani |
| | USDC No. 226411 |
| | E-mail: nayuan.zouairabani@oneillborges.com |